UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WILLIAM H. WYNN, *Individually and as Administrator of the Estate of Isaac Cornealious Wynn a/k/a Isaac C. Wynn*, and WAYMAN WYNN,

                                      Plaintiffs,                **REPORT AND**
                                                                  **RECOMMENDATION**
          -against-                                             23-CV-5071-EK-SJB

HOUSEHOLD FINANCE REALTY CORPORATION
OF NEW YORK,

                                      Defendant.
-----------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

    *Pro se* plaintiffs William H. Wynn and Wayman Wynn ("Plaintiffs") filed this civil action against Defendant Household Finance Realty Corporation of New York ("Defendant"), alleging that Defendant committed fraudulent business practices. (Compl. dated July 5, 2023 ("Compl."), Dkt. No. 1 at 3). Plaintiffs seek damages from Defendant for lost equity from the property at 85 Quincy Street in Brooklyn, New York, "through [Defendant's] deceptive acts and practices." (*See id.*).

    Plaintiffs filed this case on July 5, 2023. The Clerk of Court issued summons as to the Defendant on the same day. On July 14, 2023, the Court ordered Plaintiffs to file proof of service on the docket by October 3, 2023. (Order dated July 14, 2023). Further, the Court noted, "if proper service of the Complaint and Summons is not made upon Defendant by October 3, 2023, or if Plaintiff fails to show good cause as to why such service has not been made," the Court would recommend that the action be dismissed without prejudice. (*Id.*). Plaintiffs have not responded to the Court's order, and they have not filed anything on the docket since filing the Complaint. (*See* Docket). Defendant has not appeared, and there is no evidence that it has been served.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service[.]" *Id.* "A party seeking a good cause extension bears a heavy burden of proof." *Alvarado v. Am. Freightways, Inc.*, No. 04-CV-9536, 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005) (discussing the standard under the earlier 120-day period). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control." *Id.* "The diligence of the plaintiff's efforts to effect proper service is an important consideration in a determination of good cause." *Id.* "Good cause is measured against '(1) the plaintiff's reasonable efforts to effect service, and (2) the prejudice to defendant from the delay.'" *Snall v. City of New York*, No. 97-CV-5204, 1999 WL 1129054, at *3 (E.D.N.Y. Oct. 19, 1999) (quoting *Nat'l Union Fire Ins. Co. v. Barney Assocs.*, 130 F.R.D. 291, 293 (S.D.N.Y. 1990)), *aff'd*, 242 F.3d 367 (2d Cir. 2000). Courts have dismissed actions without prejudice where plaintiffs have not taken any action after filing the initial complaint. *E.g.*, *Zappin v. Cohen*, No. 15-CV-7271, 2016 WL 3034334, at *1–*2 (S.D.N.Y. May 27, 2016) (adopting report and recommendation) (case dismissed without prejudice where *pro se* plaintiff did not serve defendant and did not respond to court's order directing proof of service or argument for why case should not be dismissed).

Since Plaintiffs filed the Complaint on July 5, 2023, they have not served Defendant. Plaintiffs then failed to respond to the Court's order requiring proof of

proper service. At no time have Plaintiffs sought a further extension of time to effect service, nor have they provided further justification for lack of service.

The appropriate remedy is to dismiss this action without prejudice. "Among federal courts, there is virtual unanimity that 'dismissal is mandatory if a defendant is not served within [90] days, unless the plaintiff can show good cause for delay.'" *Nat'l Union Fire Ins. Co.*, 1994 WL 463009, at *3 (quoting *Geiger v. Allen*, 850 F.2d 330, 332 (7th Cir. 1988)); *see, e.g.*, *Fried v. N.Y. State Off. of Child. & Fam. Servs.*, No. 05-CV-5522, 2008 WL 4360749, at *1, *5 (E.D.N.Y. Sept. 24, 2008) (adopting report and recommendation to dismiss without prejudice in absence of demonstrable good cause or basis to exercise discretion); *Grant v. Aurora Loan Servs.*, No. 08-CV-100, 2008 WL 4326532, at *1 (E.D.N.Y. Sept. 22, 2008) (same); *Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 32, 35 (W.D.N.Y. 1996) (no good cause where counsel attempted service, not by following the Federal Rules of Civil Procedure, but rather "his own informal procedure"). The Court, thus, respectfully recommends that the Complaint be dismissed without prejudice.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

SO ORDERED.

/s/ *Sanket J. Bulsara*  August 21, 2024
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York